UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Ludin Aguilar-Alarcon
(A-Number: A-221-370-639),

Petitioner,

v.

Warden, California City ICE Detention Facility,

Respondents.

No. 1:26-cv-06140-KES-SAB (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Doc. 1

Petitioner Ludin Aguilar-Alarcon is an immigration detainee proceeding pro se with a petition for writ of habeas corpus and motion for temporary restraining order. Docs. 1, 3. The Court construes the petition as challenging the statutory authority for petitioner's detention.[1] Respondents acknowledge "that *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), holds that § 1226(a) governs Petitioner's detention," and that "Petitioner is therefore entitled to seek a custody redetermination hearing before an immigration judge." Doc. 10 at 1.

Accordingly, the petition for writ of habeas corpus is GRANTED. Respondents are ORDERED to provide petitioner Ludin Aguilar-Alarcon (A-Number: A-221-370-639) with a

[1] The Court set an initial briefing schedule on the petition and identified certain prior decisions for respondents to address. Doc. 9. Respondents' reply (Doc. 10) provided documentation that supports a finding that the petition challenges the statutory authority for petitioner's detention.

bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations within ten (10) days of the date of this Order. Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' written notice before the bond hearing in a language that he can understand. Petitioner may be represented by an attorney at this hearing, and respondents may extend the deadline at petitioner's request so that he can obtain an attorney. If petitioner obtains an attorney, his attorney shall also be given 72 hours' written notice before the bond hearing. The neutral decisionmaker must consider petitioner's financial circumstances in setting the amount of bond and alternative conditions of release in lieu of detention without bond. If respondents do not provide petitioner with a bond hearing within ten (10) days, then respondents must release him.

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated: August 16, 2026

UNITED STATES DISTRICT JUDGE